# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| SARAH ARONSON, M.D. | ) | CASE NO. 1:10-CV-372 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Christopher A. Boyko |
| v. | ) | |
| | ) | **DEFENDANT'S PROPOSED JURY** |
| UNIVERSITY HOSPITALS OF | ) | **INSTRUCTIONS AND VERDICT FORM** |
| CLEVELAND, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to the Court's October 12, 2010 Civil Trial Order, University Hospitals Cleveland Medical Center d/b/a University Hospitals Case Medical Center, formerly known as University Hospitals of Cleveland, Inc. ("University Hospitals") hereby submits the attached Proposed Jury Instructions and Verdict Form to be given to the jury, reserving the right to submit requests for additional or modified instructions in accordance with the proof at trial. University Hospitals respectfully requests that the Court use the following in the trial of this matter.[1]

Respectfully submitted,

*/s/Barton A. Bixenstine*
Barton A. Bixenstine (0034130)
Daniel L. Messeloff (0078900)
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
4130 Key Tower
Cleveland, OH  44114
Ph:  216.241.6100
Fax:  216.357.4733
Email:  Bart.Bixenstine@OgletreeDeakins.com
            Daniel.Messeloff@OgletreeDeakins.com

*Attorneys for Defendant*
*University Hospitals of Cleveland, Inc.*

---

[1] Per the Court's Civil Trial Order, a CD-ROM containing a WordPerfect version of this document is also being hand-delivered to the Court.

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___</u>  [AGREED UPON]

## GENERAL INSTRUCTION TO THE JURY

Members of the jury, now that you have heard the evidence and the arguments of counsel, it is my duty to instruct you about the law which applies to this case.

It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence presented to you.  You must follow the law as I give it to you whether you agree with it or not.  In following my instructions, you must follow all of them and not single out some and ignore others.  Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

At the beginning of the case, you took an oath promising to perform your duties as jurors without bias or prejudice as to any party.  Therefore, you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You are expected and have sworn to carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict.[1]

---

[1] **Authority**:  O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions (Civil)*, § 103.01 (5th ed. West 2009).

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___</u>  [AGREED UPON]**

**ALL PERSONS EQUAL BEFORE THE LAW - ORGANIZATIONS**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations and other organizations, stand equal before the law, and are to be treated as equals.[3]

---

[3] **Authority**:  O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions (Civil)*, § 103.12 (5th ed. West 2009) (modified).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___  [AGREED UPON]**

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

Plaintiff has the burden in a civil action, such as this, to prove her claims by a preponderance of the evidence.  If Plaintiff should fail to establish each of her claims by a preponderance of the evidence, you should find for University Hospitals as to such claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of evidence in the case means such evidence, as when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, and all exhibits received in evidence, regardless of who may have produced them.[4]

---

[4] Authority:  O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions (Civil)*, § 104.01 (5th ed. West 2009) (modified).

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___</u> [AGREED UPON]**

**EVIDENCE IN THE CASE**

Unless you are instructed otherwise, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness; all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

In reaching your verdict you may consider only the testimony, exhibits, and stipulations received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

A.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

B.      Objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the federal rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.  However, any evidence as to which an objection was sustained by the Court must be entirely disregarded.

C.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

D.      Certain charts and summaries have been shown to you to help explain the facts disclosed by the documents that are in evidence in this case.  Such charts and summaries are not

5

in and of themselves evidence or proof of any facts.  If such charts and summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

E.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.[5]

---

[5] Authority:   O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions (Civil)*, §§ 103.30, 103.34, 104.42, 104.50 (5th ed. West 2009) (modified).

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___</u> [AGREED UPON]**

**CREDIBILITY OF WITNESSES**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstance under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

In deciding whether you believe or do not believe any witness, in whole or in part, you may consider a number of factors including:

1.      Did the witness impress you as one who was telling the truth?

2.      Did the witness have any particular reason not to tell the truth?

3.      Did the witness have a personal interest in the outcome of the case?

4.      Did the witness seem to have a good memory?

5.      Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

6.      Did the witness appear to understand the questions clearly and answer them directly?

7.      Did the witness' testimony differ from other testimony and evidence?

The number of witnesses testifying concerning any fact in dispute is not controlling.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.[6]

---

[6] **Authority**:  O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions (Civil)*, §§ 105.01, 104.54 (5th ed. West 2009) (modified).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___ [AGREED UPON]**

**IMPEACHMENT – INCONSISTENT STATEMENT OR CONDUCT**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.[7]

---

[7] **Authority**:  O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions (Civil)*, §§ 105.03, 105.04, 105.09 (5th ed. West 2009).

<u>**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___**</u> **[AGREED UPON]**

**TESTIMONY THROUGH DEPOSITIONS, TRANSCRIPTS, AND
INTERROGATORIES**

Some testimony was presented by a deposition.  This evidence is to be considered according to the same tests that are applied to other witnesses.  If statements in a deposition differ from the testimony given by the same witness in the courtroom, you may consider them to test the credibility of such witness.

In addition, evidence has been introduced consisting of written questions and answers previously submitted to one of the parties known as "interrogatories."  Such evidence is to be considered according to the usual tests that are applied to the witnesses.  You may consider the fact that such questions were formally submitted and the answers made in writing.[8]

---

[8] **Authority**:  O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions (Civil),* §§ 104.72, 105.02, 105.04 (5th ed. West 2009) (modified); Federal Rules of Evidence 803(6), 902(11).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___ [AGREED UPON]**

**ANSWERS TO INTERROGATORIES**

Each party has introduced into evidence certain interrogatories – that is, questions together with answers signed and sworn to by the other party.  A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, that party does not bind itself to those answers.

The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.[9]

---

[9] **Authority**:  O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions (Civil)*, § 104.72 (5th ed. West 2009).

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___ [AGREED UPON]</u>

## OPINIONS OF THE COURT ARE NOT EVIDENCE

Throughout this case, I may have made some statements or comments suggesting opinions I may have about this case.  Nothing I have said is intended to suggest what your verdict should be.  My comments and statements are not evidence and should be disregarded during your deliberations.  You are not to be influenced by my thoughts or opinions on this matter, but are to follow the law as I have given it to you in these instructions.[10]

---

[10] **Authority**:  O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions (Civil)*, §§ 103.33, 106.01 (5th ed. West 2009) (modified).

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___</u> [DISPUTED]**

**CLAIMS OF THE PARTIES**

Plaintiff claims that University Hospitals breached its Resident/Fellowship contract with her, by allegedly failing to "provide an educational program that at a minimum meets the standards established by the [Accreditation Council for Graduate Medical Education]" (Count I); that University Hospitals was unjustly enriched by Plaintiff's provision of services after her residency was extended (Count II); that University Hospitals interfered with Plaintiff's alleged right to take maternity leave under the Family Medical Leave Act ("FMLA") in December, 2008 for the birth of a child to Plaintiff's domestic partner (Count III); and that University Hospitals interfered with Plaintiff's alleged right to take maternity leave under the FMLA in August, 2009 for the adoption of a child (Count IV).

University Hospitals claims that it is entitled to immunity from all of Plaintiff's claims under the federal Health Care Quality Improvement Act ("HCQIA"), and under the Ohio Peer Review Immunity Statute; and that, even if it were not entitled to immunity under these statutes, Plaintiff has failed to establish the necessary elements of each of her claims.[11]

I will explain each of these claims and defenses.

---

[11] <u>Authority:</u>  OJI-CV 533.01.

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___</u>** [DISPUTED]

**HEALTH CARE QUALITY IMPROVEMENT ACT ("HCQIA")**

The Health Care Quality Improvement Act ("HCQIA") is a federal law enacted by Congress to improve health care by encouraging physicians to identify and address possible issues regarding professional competency or conduct. The HCQIA is designed to facilitate the frank exchange of information among physicians conducting professional review actions without the fear of reprisal from lawsuits.  The HCQIA therefore provides immunity from liability for participants in professional review actions, provided certain conditions are satisfied.  Immunity means that University Hospitals cannot be held liable to Plaintiff.

Under the HCQIA, as to any professional review action, University Hospitals is entitled to immunity from liability if: (1) it reasonably believed that their actions were in the furtherance of quality health care; (2) its actions were taken after a reasonable effort to obtain the facts; (3) Plaintiff was afforded adequate notice and hearing procedures or such other procedures as were fair under the circumstances; and (4) University Hospitals acted in the reasonable belief that its actions were warranted by the facts known to its after making a reasonable effort to obtain the facts and affording Plaintiff adequate notice and hearing or such other procedures as were fair under the circumstances.

Federal law presumes University Hospitals satisfied these four standards and is entitled to immunity.  To prevail on any of her claims against University Hospitals, therefore, it is Plaintiff's burden to prove by a preponderance of the evidence that University Hospitals did not satisfy these four standards as to such claim.  In applying the HCQIA, you are not to second-guess the decisions made by University Hospitals with regard to Plaintiff, or evaluate the motives behind those decisions, or evaluate whether those decisions were correct.  Rather, your

role is to determine whether University Hospitals had a reasonable basis for the decision at the time it was made, and satisfied the other HQQIA standards.

The HCQIA establishes a rebuttable presumption of immunity, which requires Plaintiff to prove that University Hospitals' actions did not comply with the relevant standards. In applying the HCQIA standards, Plaintiff must overcome the presumption by showing that University Hospitals' professional review action was manifestly unreasonable.

Where the HCQIA applies, the individual reviewers' motive or any alleged animus is immaterial to the determination of immunity.  Whether there was any bad faith on the part of the reviewers is irrelevant to the objective inquiry under the HCQIA.  Therefore, even if Plaintiff establishes that University Hospitals acted with bad faith, if you find that University Hospitals satisfied all of the elements under the HCQIA, then you must find for University Hospitals as to all of Plaintiff's claims.[12]

---

[12] Authority:  42 U.S.C. § 11101; 42 U.S.C. § 11111; 42 U.S.C. § 11112; 42 U.S.C. § 11151; *Meyers v. Columbia/HCA Healthcare Corp.*, 341 F.3d 461, 467 (6th Cir. 2003); *Brader v. Alleghany General Hospital*, 167 F.3d 832, 849 (3d Cir. 1999).

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___</u> [DISPUTED]

### OHIO PEER REVIEW IMMUNITY STATUTE

Separate and apart from the HCQIA, Ohio law provides a qualified immunity from damages to any person for any acts, omissions, decisions, or other conduct within the scope of the functions of a peer review committee of the health care entity.  For purposes of Ohio law, a "health care entity" includes entities such as University Hospitals that conduct professional quality review involving the competence, professional conduct, or quality of care provided by health care providers. A "peer review committee" includes a committee that conducts professional credentialing or quality review activities involving the competence of, professional conduct of, or quality care provided by health care providers.

To overcome University Hospitals' qualified peer review immunity under Ohio state law, Plaintiff must present clear and convincing evidence that University Hospitals acted against her with what is called "actual malice." "Actual malice" in this context is not a matter of personal motives, but is established only by proof that University Hospitals, in its peer review process, relied on information it knew to be false or with reckless disregard for whether the information was true or false.

As to each of Plaintiff's claims, if you find that University Hospitals qualified for immunity under the Ohio state peer review immunity statute, then you must find for University Hospitals as to such claim.[13]

---

[13] <u>Authority:</u>  O.R.C. § 2305.25; O.R.C. § 2305.251; *Talwar v. Catholic Healthcare Partners*, 258 Fed. Appx. 800, 808 (6th Cir. 2007); *Wall v. Ohio Permanente Med. Group, Inc.*, 119 Ohio App.3d 654, 666 (Ohio Ct.App.1997); *Jacobs v. Frank*, 60 Ohio St.3d 111, 116 (Ohio 1991).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___ [DISPUTED]

### BREACH OF CONTRACT

Plaintiff claims that University Hospitals entered into a contract with her, and that University Hospitals breached that contract without privilege or immunity to do so, thereby causing her damages.

If you find that University Hospitals is not entitled to immunity as to Plaintiff's breach of contract claim under the HCQIA or Ohio's peer review statute, Plaintiff is entitled to prevail on her breach of contract claim if you find by the greater weight of the evidence that:

  (1)     a contract existed between Plaintiff and University Hospitals;

  (2)     Plaintiff performed all of her obligations under the contract;

  (3)     University Hospitals materially breached its obligations under the contract; and

  (4)     Plaintiff suffered damage or loss as a result of the breach.

A contract is breached when one party fails to perform its duties under the contract.

A "material breach" means a breach that violates a term essential to the purpose of the contract.  Mere nominal, trifling, slight or technical departures from the contract terms are not material breaches so long as they occur in good faith.

If you find by the greater weight of the evidence that Plaintiff proved her claim for breach of contract, and that University Hospitals has failed to prove by the greater weight of its evidence that it did not breach its contract with Plaintiff, and/or that it was not justified in breaching its contract with Plaintiff, then you must find for Plaintiff.

If you find by the greater weight of the evidence that Plaintiff failed to prove any part of her claim (or that University Hospitals proved by the greater weight of the evidence that it did

not breach its contract with Plaintiff, and/or that it was justified in breaching its contract with

Plaintiff), then you must find for University Hospitals.[14]

---

[14] Authority:  OJI-CV 501.01 (modified). *Windsor v. Riback*, 2008 WL 1849617, 2008-Ohio-2005 at ¶32 (Ohio Ct. App. 11th Dist. Geauga County 2008).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___  [DISPUTED]**

**UNJUST ENRICHMENT**

Plaintiff also claims that she should be paid additional money for her services for University Hospitals after University Hospital extended her Residency program.  Plaintiff claims that she is entitled to recover money beyond the salary University Hospitals has already paid her.

Under Ohio law, it is possible for a party to seek to collect money under a theory of unjust enrichment.  An unjust enrichment is a legal fiction; it is a contract implied in law to prevent injustice when one party retains a benefit from another's services without providing just compensation. Because unjust enrichment is an equitable doctrine, a claim for unjust enrichment cannot apply when an express contract exists.

To recover on her unjust enrichment claim under Ohio law, Plaintiff must prove the following elements by a preponderance of the evidence:

(1)     she conferred a substantial benefit upon University Hospitals;

(2)     University Hospitals had knowledge of this substantial benefit, and

(3)     University Hospitals retained the benefit under circumstances where it would be unjust to do so without payment.

Because unjust enrichment is an equitable doctrine, a claim for unjust enrichment cannot apply when an express contract exists.

Plaintiff can only recover on her unjust enrichment claim if she proves by a preponderance of the evidence that she conferred a substantial benefit upon University Hospitals. The conferred benefit must also be in response to a fraud, misrepresentation, or bad faith by University Hospitals.

To recover on her unjust enrichment claim, Plaintiff not only must prove that she conferred a substantial benefit upon University Hospitals, but also that University Hospitals was

aware of the benefit.  Plaintiff must also prove that University Hospitals retained a substantial benefit under circumstances where it would be unjust for University Hospitals to do so without payment, in particular where it would be unconscionable for University Hospitals to retain the benefit without payment.

In determining whether Plaintiff has incurred a substantial detriment, you must consider the compensation Plaintiff already has received for her work for University Hospitals.  Payment of only "token compensation" to a plaintiff may not defeat a unjust enrichment claim, but where a plaintiff has received more than a token compensation, a plaintiff has not suffered a substantial detriment and her unjust enrichment claim will fail.

Lastly, Plaintiff must also show that her loss is causally connected to a substantial benefit to University Hospitals.  A plaintiff's responsibility for her own detrimental position breaks the necessary causal connection between the defendant's benefit and the plaintiff's loss.

If you find that Plaintiff has proved by a preponderance of the evidence all of the foregoing elements, you must find for Plaintiff as to her unjust enrichment claim.  If you find by the greater weight of the evidence that Plaintiff has failed to prove the foregoing elements, then you must find for University Hospitals as to Plaintiff's claim for unjust enrichment.[15]

---

[15] Authority:  1 *OJI-CV* § 501.39; *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984); *Hummel v. Hummel*, 14 N.E.2d 923, 926-27 (Ohio 1938); *U.S. Health Practices, Inc. v. Blake*, No. 00AP-1002, 2001 Ohio App. LEXIS 1291, at *5-6, *11 (Ohio Ct. App. [10th Dist.] Mar. 22, 2001); *Gaier v. Midwestern Group*, 601 N.E.2d 624, 627-28 (Ohio Ct. App. [2d Dist.] 1991). *Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 501-02 (6th Cir. 2003), *aff'g*, 185 F. Supp. 2d 833, 838 (N.D. Ohio 2002); *Lucas-Cooper v. Palmetto GBA*, No. 1:05-cv-00959, 2006 U.S. Dist. LEXIS 77575, at *21 (N.D. Ohio Oct. 25, 2006); *U.S. Health Practices, Inc. v. Blake*, No. 00AP-1002, 2001 Ohio App. LEXIS 1291, at *5-*6, *11 (Ohio Ct. App. [10th Dist.] Mar. 22, 2001); *Functional Development, Inc. v. Heaton*, No. 90AP-253, 1990 WL 189948, at *2 (Ohio Ct. App. [10th Dist.] Nov. 29, 1990); *Willey v. Blackstone*, 905 N.E.2d 250, 257 (Ohio Ct. App. [5th Dist.] 2008); *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 55 (1989). *Katz v. Banning*, 617 N.E.2d 729, 735 (Ohio Ct. App. [10th Dist.] 1992); *Natl. City Bank v. Fleming*, 2 Ohio App.3d 50, 58 (1981); *Phillips v. Ameritech Info. Sys.*, No. 97-1942, 1999 WL 96650, at *4-*5 (6th Cir. Feb. 5, 1999). *Gaymar Indus., Inc. v. First Merit Bank, N.A..*, 311 Fed. App'x 814, 816 (6th Cir. 2009).

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___</u> [DISPUTED]

## FAMILY MEDICAL LEAVE ACT ("FMLA")

Plaintiff claims that University Hospitals violated a federal law known as the Family and Medical Leave Act ("FMLA"), on two separate occasions. She claims that she was entitled to maternity leave in December, 2008 for the birth of a child to her domestic partner; and that she was entitled to adoption leave in August, 2009 for the adoption of a child, and that University Hospitals deliberately interfered with these alleged rights because of Plaintiff's requests for leave. University Hospitals denies that it violated the FMLA in any way.

The FMLA entitles eligible employees to take up to twelve weeks of unpaid leave during any twelve-month period for the birth or adoption of a child, among other reasons for leave, and further gives the employee the right following leave either to be restored by the employer to the position held when the leave began, or to be given an equivalent position.

In order to prevail on her FMLA claims, Plaintiff must prove each of the following facts by a preponderance of the evidence:

     (1)    Plaintiff was entitled to leave under the FMLA;

     (2)    Plaintiff gave University Hospitals adequate notice of her intention to take leave;

     (3)    University Hospitals interfered with or denied Plaintiff FMLA benefits to which she was entitled; and

     (4)    University Hospitals' interference or denial caused prejudice or harm to Plaintiff.

Actions that may impact an employee's exercise of FMLA rights do not violate the FMLA if the employer has a legitimate reason for engaging the challenged conduct.

If you find that Plaintiff has proved each of these elements by a preponderance of the evidence on each of her FMLA claims, then you must find for Plaintiff for each claim. If you find that Plaintiff has failed to prove each of these elements by a preponderance of the evidence,

or that University Hospitals has proved its defenses to Plaintiff's FMLA claims by greater evidence, then you must find for University Hospitals on Plaintiff's FMLA claims.[16]

---

[16] <u>Authority:</u> O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions (Civil)*, §§ 179.01, 179.10, 179.22 (5th ed. West 2009) (modified). 29 U.S.C. §§ 2601, *et seq.*; *Edgar v. JAC Products, Inc.*, 443 F.3d 501, 507 (6th Cir. 2006).  *Arban v. West Publishing Co.*, 345 F.3d 390, 401 (6th Cir. 2003)).

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___ [DISPUTED]**

### **FMLA – SAME DECISION**

If you find in favor of Plaintiff on each of her FMLA claims, then you must determine whether University Hospitals has proved by a preponderance of the evidence that it would have engaged in the same conduct even if had not considered Plaintiff's request for FMLA leave.

If University Hospitals has proved by a preponderance of the evidence that it would have engaged in the same conduct, then you must find for University Hospitals as to Plaintiff's FMLA claims.[17]

---

[17] Authority: O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions*, § 179.50 (5th ed. West 2009) (modified).

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___</u>  [DISPUTED]**

**FMLA – GOOD-FAITH DEFENSE**

If you find in favor of Plaintiff on each of her FMLA claims, then you must determine whether University Hospitals acted in good faith.  You must find University Hospitals acted in good faith if you find by a preponderance of the evidence that, when University Hospitals took its challenged actions, it reasonably believed that its actions complied with the FMLA.

If you find that University Hospitals honestly believed it was not violating the FMLA, even if University Hospitals was mistaken, you must find for University Hospitals as to Plaintiff's FMLA claims.[18]

---

[18] <u>Authority:</u> O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions (Civil)*, §§ 179.53, 179.54 (5th ed. West 2009) (modified).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___ [DISPUTED]**

**DAMAGES – INTRODUCTION**

Having instructed you on the law applicable to Plaintiff's claims, I will now instruct you concerning the damages that Plaintiff may recover for those claims.  If you find that Plaintiff did not prove her claims by a preponderance of the evidence, then you need not even consider Plaintiff's alleged damages for her claims.

If, however, you find that University Hospitals is liable with respect to any of Plaintiff's claims, then you may go on to consider the amount of money, if any, that will reasonably compensate Plaintiff for the actual injury or loss she sustained as a result of the alleged wrongful conduct.[19]

---

[19] Authority:  OJI-CIV 315.01; *Dage v. Time Warner*, 395 F. Supp. 2d 668 (S.D. Ohio 2005).

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___</u>** [DISPUTED]

**DAMAGES – BREACH OF CONTRACT**

If you find for Plaintiff on her claim for breach of contract, you will decide by the greater weight of the evidence an amount of money that will reasonably compensate Plaintiff for the actual injury proximately caused by University Hospitals' conduct.

If you find by the greater weight of the evidence that University Hospitals breached its contract with Plaintiff and was not excused because of Plaintiff's failure to perform her own obligations under the contract, Plaintiff is entitled to damages in the amount sufficient to place her in the same position in which she would have been if the contract had been fully performed by University Hospitals, to the extent that the damages are reasonably certain and reasonably foreseeable.

You may only award damages the existence and amount of which are reasonably certain and have been proved to you by the greater weight of the evidence. You may not award damages that are remote or speculative.

You may also only award those damages that were the natural and probable result of the breach of the contract or that were reasonably within the contemplation of the parties as the probable result of the breach of the contract. This does not require that University Hospitals actually be aware of the damages that will result from the breach of contract so long as the damages were reasonably foreseeable at the time the parties entered into the contract as a probable result of the breach.

Furthermore, if University Hospitals proves by the greater weight of the evidence that the Plaintiff did not make reasonable efforts under the facts and circumstances in evidence to lessen damages caused by University Hospitals' alleged breach of contract, you should not allow

damages that could have been avoided by the exercise of reasonable diligence.  Plaintiff, however, is not required to take measures that would involve undue risk, burden, or humiliation.

If you find that University Hospitals breached its contract with Plaintiff, and if you further find that Plaintiff has failed to prove any damages calculated according to these instructions, you may award Plaintiff nominal damages. "Nominal" means trifling or small, generally $10 or less.[20]

---

[20] <u>Authority:</u> 1 OJI-CV 501.33; OJI-CV 315.53.

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___</u> [DISPUTED]

## DAMAGES – UNJUST ENRICHMENT

If Plaintiff proves all of the elements of her unjust enrichment claim by a preponderance of the evidence, the law provides that she may recover the reasonable value of the benefit she conferred upon University Hospitals.  You may not determine that value based upon your personal opinion.  Rather, Plaintiff must present competent and sufficient evidence of the actual value of the benefit.  If Plaintiff fails to provide competent and sufficient evidence of the actual value of the benefit she claims she conferred upon University Hospitals, you may not award her any recovery under the law of unjust enrichment.

The purpose of the unjust enrichment action is not to compensate Plaintiff for any loss or damage suffered by her.  Accordingly, even if you find that Plaintiff has suffered some loss or substantial detriment, you may not award her any amount to compensate her for that loss or detriment.  Plaintiff is entitled to recover only the reasonable value of the benefit conferred or only as much as she reasonably deserves for her services, and no more.

The amount Plaintiff can recover in this case, if any, is subject to a double limitation: (1) Plaintiff cannot recover more than the actual value of her services rendered to University Hospitals; and (2) Plaintiff cannot recover more than the amount University Hospitals benefited from Plaintiff's services.  If you find that Plaintiff has failed to present competent evidence of the reasonable value of the services she provided or the benefit she conferred to University Hospitals, then Plaintiff cannot recover any amount in unjust enrichment.[21]

---

[21]  <u>Authority</u>:  *Willey v. Blackstone*, 905 N.E.2d 250, 257 (Ohio Ct. App. [5th Dist.] 2008); *Jones v. Jones*, 903 N.E.2d 329, 337-38 (Ohio Ct. App. [3d Dist.] 2008); *Hughes v. Oberholtzer*, 123 N.E.2d 393, 397 (Ohio 1954); *Sonkin & Melena Co., L.P.A. v. Zaransky*, 614 N.E.2d 807, 812-13 (Ohio Ct. App. [8th Dist.] 1992); *Functional Development, Inc. v. Heaton*, No. 90AP-253, 1990 WL 189948, at *2 (Ohio Ct. App. [10th Dist.] Nov. 29, 1990); *Loyer v. Loyer*, No. H-95-069, 1996 Ohio App. LEXIS 3432, at *9 (Ohio Ct. App. [6th Dist.] Aug. 16, 1996).

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___</u>  [DISPUTED]**

**DAMAGES – FMLA**

If Plaintiff has proven by a preponderance of the evidence that she lost pay or benefits because of University Hospitals' alleged violations of the FMLA, then Plaintiff may recover damages in an amount equal to the net pay or benefits shown by the evidence to have been lost from the time of implementation of University Hospitals' decision which violated the FMLA until the date of your verdict, minus the amount of earnings and benefits that Plaintiff did receive during that time.

If Plaintiff has not directly lost pay or other employment benefits as a result of University Hospitals' alleged wrong, she may recover any other actual monetary loss sustained as a direct and proximate result of the University Hospitals' actions, but the total of any such recovery cannot be greater than twelve weeks of Plaintiff's wages or salary.  For example, Plaintiff could recover the cost of providing care for twelve weeks to a child, but the cost of providing that care cannot be greater than twelve weeks of Plaintiff's wages or salary.

Plaintiff may recover either lost wages and benefits or other expenses sustained due to the University Hospitals' actions, but not both.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.[22]

---

[22] <u>Authority:</u> O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions (Civil)*, §§ 179.60 (5th ed. West 2009) (modified); 11th Cir. Model Jury Instructions, 1.8.1 (2005).

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___</u>  [DISPUTED]**

**MITIGATION OF DAMAGES**

If you find University Hospitals liable and you find Plaintiff has suffered damages, you must reduce those damages not only by the amount Plaintiff has earned, but also by the amount she could have earned had she used reasonable diligence to find comparable employment.  Any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstance to "mitigate," or minimize those damages.  The law imposes on an injured person the duty to take advantage of reasonable opportunities she may have to reduce or her losses.

Plaintiff has a duty to use reasonable diligence to find comparable employment.  If University Hospitals proved by the greater weight of the evidence that Plaintiff failed to use reasonable diligence to find employment and that comparable employment was available to Plaintiff, then you must subtract the amount of pay that Plaintiff should have earned from any award of economic damages.  Comparable employment need not be identical in responsibility or compensation but must be a type of work that a reasonable person would take if in the position of the employee.

Bear in mind that the question of whether Plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as the sole judges of the facts.  Although the law will not allow an injured employee to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert herself unreasonably, or to incur unreasonable expense in an effort to mitigate, and it is University Hospitals' burden of proving that the damages reasonably could have been avoided.  In deciding whether to reduce Plaintiff's damages due to some failure to mitigate, you must weigh all the evidence in light of

the particulars of the case, using sound discretion in deciding whether University Hospitals has satisfied its burden of proving that Plaintiff's conduct was not reasonable.[23]

---

[23] Authority:  OJI-CV 533.25; *Modern Federal Jury Instructions*, §77-7.

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. \_\_\_ [AGREED UPON]</u>

### EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you on the proper measure of damages for Plaintiff's claims should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given only for your guidance, in the event that you find in favor of Plaintiff on any of her claims.  These instructions are not meant to imply that you should find for – or against – Plaintiff.[24]

---

[24] <u>Authority:</u>  Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions,* §74.02 (4th ed. 1987).

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. \_\_\_</u> [DISPUTED]

## DAMAGES – INTEREST

If you decide to award any sum of money to Plaintiff, and nothing I am saying should be interpreted as suggesting you should, you should not include in that award any interest that you think Plaintiff should receive.  Any award of interest will be determined by the Court, in its discretion, as part of a later and separate proceeding.[25]

---

[25] *Miller v. First Int'l. Fid. & Trust Bldg., Ltd.*, 866 N.E.2d 1059, 1061 (Ohio 2007) ("Determining whether prejudgment interest should be awarded requires judicial fact-finding and the exercise of judicial discretion.").  **Not to be read to jury:**  The law is not clear that interest would be available on a unjust enrichment claim and University Hospitals reserves the right to object to any award of interest by the Court.  *L. Worthey Dump Truck Co. v. Glenbrook Apts.*, No. 50680, 1986 WL 6362, at *3 (Ohio Ct. App. [8th Dist.] June 5, 1986) ("[A] judgment based on unjust enrichment rather than a contractual obligation will not support the recovery of prejudgment interest. Consequently, we modify the trial court's judgment by deleting the recovery for prejudgment interest."); *Maintenance Unlimited, Inc. v. Salemi*, 18 Ohio App.3d 29, 34, 480 N.E.2d 113 (Ohio Ct. App. [8th Dist.] 1984) (finding that appellee was not entitled to prejudgment interest where her action arose "by operation of law" rather than under a contract.").  This instruction is being offered to reduce the possibility of the jury awarding more than it otherwise would award based on any assumptions regarding interest.

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. \_\_\_</u> [AGREED UPON]

## DUTY TO DELIBERATE

When you retire, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in court.  You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.  Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.  Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.  It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.  Your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

If you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone—including me—how your votes stand numerically.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.  You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, you will each sign and date it, and your foreperson will then advise the marshal or bailiff that you are ready to return to the courtroom.

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.[26]

---

[26] <u>Authority:</u>  O'Malley, Grenig & Lee, *Federal Jury Practice & Instructions (Civil)*, §§ 106.01, 106.07 (5th ed. West 2009) (modified).

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___</u>  [AGREED UPON]**

**CLOSING INSTRUCTIONS:  ALTERNATE JURORS**

Jurors selected as alternates are not permitted to participate in the jury's deliberations unless one or more of the regular jurors is unable to complete his or her service due to illness or other misfortune. [We are pleased that no such incident has occurred.  It will not be necessary for the alternates to render further service in this case.]

Even though you will not be required to render further service in this case, the court must restrict you from discussing the case with anyone or revealing to anyone how you would have voted.  After the jury has returned its verdict and it is announced in court, you are released from this restriction and at that time you may, if you wish, discuss the case.

After the jury retires to the jury room to deliberate, you are to return to the jury assignment room for further instructions.

I want to acknowledge the valuable service rendered by the alternates and express my thanks as well as the thanks of the community.[27]

---

[27] <u>Authority:</u>  OJI-CV 317.05.

**<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___</u>  [AGREED UPON]**

**CLOSING INSTRUCTIONS:  DISCUSSING VERDICT**

You are warned not to discuss your verdicts until they have been returned to the Court, nor are you to discuss the status of your deliberations with anyone.[28]

---

[28] <u>Authority:</u>  OJI-CV 317.07.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. ___ [AGREED UPON]**

**CLOSING INSTRUCTIONS:  FINAL CLOSING INSTRUCTION**

The court reminds you that the foreperson of the jury will be responsible for the return to the Court of the exhibits, the verdict forms and interrogatories.

Until your verdict is announced in open court, no juror is permitted to disclose to anyone the status of your deliberations or the nature of your verdict.  This order must be strictly obeyed.

After your verdict is returned and announced in court, you may discuss the case with anyone.  You are not required to do so; it is a matter of your own free choice.

I want to thank you and express the appreciation of the citizens of this community for your services as jurors.  By providing this service you have contributed toward continuing the unique system of justice which we enjoy in the United States of America.

At this point, beyond the hearing of the jury, counsel should be asked for any objections to the charge.  The responses should be placed on the record.

You will now retire to the jury room to deliberate upon your verdict.  The bailiff will confer with you regarding any recess or adjournment.[29]

---

[29] Authority:  OJI-CV 317.07.

## <u>DEFENDANT'S PROPOSED VERDICT FORM</u> [DISPUTED]

1.      On Plaintiff's claim against University Hospitals for breach of contract,  we the jury find:

**[Check only one]**

_____ **For Plaintiff**

_____ **For University Hospitals.**

If you checked "For Plaintiff" in response to Question 1,  complete the following.

We find that Plaintiff has proved she is entitled to:

**[Check only one]**

_____ **No recovery.**

_____ **Recover in the amount of $_____.**


2.      On Plaintiff's claim against University Hospitals for unjust enrichment,  we the jury find:

**[Check only one]**

_____ **For Plaintiff**

_____ **For University Hospitals.**

If you checked "For Plaintiff" in response to Question 2,  complete the following.

We find that Plaintiff has proved she is entitled to:

**[Check only one]**

_____ **No recovery.**

_____ **Recover in the amount of $_____.**


3.      On Plaintiff's claim against University Hospitals for violation of the Family

Medical Leave Act (Count III of Complaint), we the jury find:

**[Check only one]**

_____ **For Plaintiff**

_____ **For University Hospitals.**

If you checked "For Plaintiff" in response to Question 3,  complete the following.

We find that Plaintiff has proved she is entitled to:

**[Check only one]**

_____ **No recovery.**

_____ **Recover in the amount of $_____.**

4.　　On Plaintiff's claim against University Hospitals for violation of the Family Medical Leave Act (Count IV of Complaint), we the jury find:

**[Check only one]**

_____ **For Plaintiff**

_____ **For University Hospitals.**

If you checked "For Plaintiff" in response to Question 4,  complete the following.

We find that Plaintiff has proved she is entitled to:

**[Check only one]**

_____ **No recovery.**

_____ **Recover in the amount of $_____.**

1. _____      2. _____
　　　　　　**FOREPERSON**

3. _____      4. _____

5. _____      6. _____

7. _____      8. _____

40

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 9, 2011, a copy of the foregoing *Defendants' Proposed Jury Instructions and Verdict Form* were filed electronically with the Court using the CM/ECF system.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/*Barton A. Bixenstine*
One of the Attorneys for Defendant

10220504.1 (OGLETREE)