I.       **Count I – Claim of Breach of Contract**

**QUESTION 1:**

Did Plaintiff prove by a preponderance of the evidence that University Hospitals' assessment of Plaintiff's performance as unsatisfactory, which resulted in an extension of Plaintiff's residency program (Count I) was **NOT**:

(1)      taken in the reasonable belief that the action was in furtherance of quality healthcare; or

(2)      taken after a reasonable effort to obtain the facts of the matter; or

(3)      taken after adequate notice and hearing procedures are afforded to the physician involved or such other procedures as are fair to the physician under the circumstances; or

(4)      taken in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain the facts and after meeting the requirement of paragraph (3)?

         **Circle "Yes" if Plaintiff proved that University Hospitals did NOT satisfy one or more of the above standards, and "No" otherwise.**

         <u>**YES**</u>                    <u>**NO**</u>

**If you answered "Yes" as to the foregoing question, proceed to Question 2.  If you answered "No," skip to Question 9.**


**QUESTION 2:**

Did Plaintiff prove by a preponderance of the evidence that University Hospitals assessed Plaintiff's performance as unsatisfactory with "actual malice," meaning that the assessment was premised on information which University Hospitals knew to be false or with reckless disregard for whether such information was true or false?

         **Circle "Yes" if University Hospitals' assessment of Plaintiff's performance as unsatisfactory <u>was</u> made with actual malice, and "No" otherwise.**

         <u>**YES**</u>                    <u>**NO**</u>


**If you answered "Yes" as to the foregoing question, proceed to Question 2.  If you answered "No," skip to Question 9.**

**QUESTION 3:**

Did Plaintiff prove by a preponderance of the evidence that Plaintiff performed all of her obligations under the contract?

      **Circle "Yes" or "No" as your answer.**

      <u>**YES**</u>              <u>**NO**</u>

**If you answered "Yes" as to the foregoing question, proceed to Question 2.  If you answered "No," skip to Question 9.**

**QUESTION 4:**

Did Plaintiff prove by a preponderance of the evidence that University Hospitals materially breached its obligations to Plaintiff under the contract?

      **Circle "Yes" or "No" as your answer.**

      <u>**YES**</u>              <u>**NO**</u>

**If you answered "Yes" as to the foregoing question, proceed to Question 5.  If you answered "No," skip to Question 9.**

**QUESTION 5:**

Did Plaintiff prove by a preponderance of the evidence that she suffered damage as a natural and probable result of University Hospitals' material breach of the contract?

      **Circle "Yes" or "No" as your answer.**

      <u>**YES**</u>              <u>**NO**</u>

**If you answered "Yes" as to the foregoing question, proceed to Question 6.  If you answered "No," skip to Question 9.**

**QUESTION 6:**

Did Plaintiff prove by a preponderance of the evidence and with reasonable certainty the amount of damages she suffered, which were the natural and probable result of the breach of the contract?

      **Circle "Yes" or "No" as your answer.**

      <u>**YES**</u>              <u>**NO**</u>

**If you answered "Yes" as to the foregoing question, proceed to Question 7.  If you answered "No," skip to Question 9.**

## QUESTION 7:

If you have found that Plaintiff proved by a preponderance of the evidence that University Hospitals breached its contract with Plaintiff but that Plaintiff failed to prove by a preponderance of the evidence that she incurred any damages or the amount of such damages, you are entitled to award Plaintiff nominal damages, typically $10 or less.

Enter the amount of nominal damages to be awarded to Plaintiff: _____.

**Proceed to the Next Question**

## QUESTION 8:

If you have found that Plaintiff proved by a preponderance of the evidence that University Hospitals breached its contract with Plaintiff, and proved by a preponderance that she incurred damaged and the amount of such damages, enter the amount of damages proved by Plaintiff with reasonable certainty: $_____.

**Proceed to the Next Question**

**II.    Count II – Claim of Unjust Enrichment**

## QUESTION 9

Did Plaintiff prove by a preponderance of the evidence that University Hospitals' offer to Plaintiff of a six-month remedial extension of her residency program, when the American Board of Anesthesiology would have permitted a four-month extension (Count II) was **NOT**:

(1)    taken in the reasonable belief that the action was in furtherance of quality healthcare; or

(2)    taken after a reasonable effort to obtain the facts of the matter; or

(3)    taken after adequate notice and hearing procedures are afforded to the physician involved or such other procedures as are fair to the physician under the circumstances; or

(4)    taken in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain the facts and after meeting the requirement of paragraph (3)?

**Circle "Yes" if Plaintiff proved that University Hospitals did NOT satisfy one or more of the above standards, and "No" otherwise.**

<u>**YES**</u>            <u>**NO**</u>

**If you answered "Yes" as to the foregoing question, proceed to Question 10.  If you answered "No," skip to Question 20.**

<u>**QUESTION 10:**</u>

Did Plaintiff prove by a preponderance of the evidence that University Hospitals' offer to Plaintiff of a six-month remedial extension of her residency program, when the American Board of Anesthesiology would have permitted a four-month extension (Count II) was was made with "actual malice," meaning that the offer was premised on information which University Hospitals knew to be false or with reckless disregard for whether such information was true or false?

  **Circle "Yes" if University Hospitals' offer <u>was</u> made with actual malice, and "No" otherwise.**

  <u>**YES**</u>            <u>**NO**</u>

**If you answered "Yes" as to the foregoing question, proceed to Question 11.  If you answered "No," skip to Question 20.**

<u>**QUESTION 11:**</u>

Did Plaintiff prove by a preponderance of the evidence that she conferred a substantial benefit upon University Hospitals?

  **Circle "Yes" or "No" as your answer.**

  <u>**YES**</u>            <u>**NO**</u>

**If you answered "Yes" as to the foregoing question, proceed to Question 12.  If you answered "No," skip to Question 20.**

<u>**QUESTION 12:**</u>

Did Plaintiff prove by a preponderance of the evidence that University Hospitals had knowledge of the substantial benefit you believe Plaintiff conferred upon the company?

  **Circle "Yes" or "No" as your answer.**

  <u>**YES**</u>            <u>**NO**</u>

**If you answered "Yes" as to the foregoing question, proceed to Question 13.  If you answered "No," skip to Question 20.**

**QUESTION 13:**

Did Plaintiff prove by a preponderance of the evidence that Plaintiff's salary which she received from University Hospitals was only a token compensation for her services?

> **Circle "Yes" or "No" as your answer.**

> **YES                   NO**

**If you answered "Yes" as to the foregoing question, proceed to Question 14.  If you answered "No," skip to Question 20.**

**QUESTION 14:**

Did Plaintiff prove by a preponderance of the evidence that she suffered a substantial detriment?

> **Circle "Yes" or "No" as your answer.**

> **YES                   NO**

**If you answered "Yes" as to the foregoing question, proceed to Question 15.  If you answered "No," skip to Question 20.**

**QUESTION 15:**

Did Plaintiff prove by a preponderance of the evidence that University Hospitals is responsible for her detrimental position?

> **Circle "Yes" or "No" as your answer.**

> **YES                   NO**

**If you answered "Yes" as to the foregoing question, proceed to Question 16.  If you answered "No," skip to Question 20.**

**QUESTION 16:**

Did Plaintiff prove by a preponderance of the evidence that she has the superior equity in this case?

**Circle "Yes" or "No" as your answer.**

**<u>YES</u>                    <u>NO</u>**

**If you answered "Yes" as to the foregoing question, proceed to Question 17.  If you answered "No," skip to Question 20.**

**<u>QUESTION 17:</u>**

Did Plaintiff prove by a preponderance of the evidence that it would be unconscionable for University Hospitals to retain the substantial benefit without paying Plaintiff more money that it already has?

**Circle "Yes" or "No" as your answer.**

**<u>YES</u>                    <u>NO</u>**

**If you answered "Yes" as to the foregoing question, proceed to Question 18.  If you answered "No," skip to Question 20.**

**<u>QUESTION 18:</u>**

Did Plaintiff prove by a preponderance of the evidence the reasonable value of the benefit she conferred upon University Hospitals?

**Circle "Yes" or "No" as your answer.**

**<u>YES</u>                    <u>NO</u>**

**If you answered "Yes" as to the foregoing question, proceed to Question 19.  If you answered "No," skip to Question 20.**

**<u>QUESTION 19:</u>**

Write in the reasonable value of the benefit which Plaintiff proved by a preponderance of the evidence she conferred upon University Hospitals.

$_____

**Proceed to the Next Question**

III.    **Count III – Claim of FMLA Interference with December 2008 Leave**

**QUESTION  20:**

Did Plaintiff prove by a preponderance of the evidence that University Hospitals' referral of Plaintiff to the EAP in November, 2008 (Count III of Plaintiff's Amended Complaint) was **NOT**:

(1)     taken in the reasonable belief that the action was in furtherance of quality healthcare; or

(2)     taken after a reasonable effort to obtain the facts of the matter; or

(3)     taken in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain the facts?

 **Circle "Yes" if Plaintiff proved that University Hospitals did NOT satisfy one or more of the above standards, and "No" otherwise.**

 YES                NO

**If you answered "Yes" as to the foregoing question, proceed to Question 21.  If you answered "No," skip to Question 28.**

**QUESTION 21:**

Did Plaintiff prove by a preponderance of the evidence that University Hospitals referred her to the EAP with "actual malice," meaning that the referral was premised on information which University Hospitals knew to be false or with reckless disregard for whether such information was true or false?

 **Circle "Yes" if University Hospitals' referral of Plaintiff <u>was</u> made with actual malice, and "No" otherwise.**

 **YES                NO**

**If you answered "Yes" as to the foregoing question, proceed to Question 22.  If you answered "No," skip to Question 28.**

7

**QUESTION 22:**

Did Plaintiff prove by a preponderance of the evidence that she was entitled to a right to leave under the FMLA in December, 2008?

   **Circle "Yes" or "No" as your answer.**

   <u>**YES**</u>      <u>**NO**</u>

**If you answered "Yes" as to the foregoing question, proceed to Question 23.  If you answered "No," skip to Question 28.**

**QUESTION 23:**

Did Plaintiff prove by a preponderance of the evidence that University Hospitals interfered with her right to leave under the FMLA, or with her attempt to exercise her right to leave under the FMLA?

   **Circle "Yes" or "No" as your answer.**

   <u>**YES**</u>      <u>**NO**</u>

**If you answered "Yes" as to the foregoing question, proceed to Question 24.  If you answered "No," skip to Question 28.**

**QUESTION 24:**

Did Plaintiff prove by a preponderance of the evidence that her request for FMLA leave in December, 2008 was a substantial or motivating factor that prompted University Hospitals to take its actions regarding Plaintiff?

   **Circle "Yes" or "No" as your answer.**

   <u>**YES**</u>      <u>**NO**</u>

**If you answered "Yes" as to the foregoing question, proceed to Question 25.  If you answered "No," skip to Question 28.**

**QUESTION 25:**

Did Plaintiff prove by a preponderance of the evidence that she suffered actual damages as a result of University Hospitals' interference with Plaintiff's FMLA rights?

**Circle "Yes" or "No" as your answer.**

**YES**                    **NO**

**If you answered "Yes" as to the foregoing question, proceed to Question 26.  If you answered "No," skip to Question 28.**

**QUESTION 26:**

What amount of money, if any, did Plaintiff prove by a preponderance of the evidence would fairly and reasonably compensate her for the actual monetary losses, such as loss of wages and benefits if any, that Plaintiff suffered as a direct result of University Hospitals' interference with her right to leave under the FMLA?

$_____

**Proceed to the Next Question**

**QUESTION 27:**

Did University Hospitals prove by a preponderance of the evidence that it reasonably believed that its treatment of Plaintiff was in compliance with the FMLA?

**Circle "Yes" or "No" as your answer.**

**YES**                    **NO**

**Proceed to the Next Question**

IV.    **Count IV – Claim of Interference with August 2009 FMLA Leave**

**QUESTION 28:**

Did Plaintiff prove by a preponderance of the evidence that University Hospitals' assignment of Plaintiff to the Intensive Care Unity for the last rotation of her six-month remediation period in August, 2009 (Count IV) was **NOT**:

(1)    taken in the reasonable belief that the action was in furtherance of quality healthcare; or

9

(2)     taken after a reasonable effort to obtain the facts of the matter; or

(3)     taken in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain the facts?

**Circle "Yes" if Plaintiff proved that University Hospitals did NOT satisfy one or more of the above standards, and "No" otherwise.**

**YES**                    **NO**

**If you answered "Yes" as to the foregoing question, proceed to Question 29.  If you answered "No," skip all remaining questions -- go to signature lines.**

**QUESTION 29:**

Did Plaintiff prove by a preponderance of the evidence that University Hospitals' assignment of Plaintiff to the Intensive Care Unity for the last rotation of her six-month remediation period in August, 2009 was made with "actual malice," meaning that the assignment was premised on information which University Hospitals knew to be false or with reckless disregard for whether such information was true or false?

**Circle "Yes" if University Hospitals' assignment <u>was</u> made with actual malice, and "No" otherwise.**

**YES**                    **NO**

**If you answered "Yes" as to the foregoing question, proceed to Question 309.  If you answered "No," skip all remaining questions -- go to signature lines.**

**QUESTION 30:**

Did Plaintiff prove by a preponderance of the evidence that she was entitled to a right to leave under the FMLA in August, 2009?

**Circle "Yes" or "No" as your answer.**

**YES**                    **NO**

**If you answered "Yes" as to the foregoing question, proceed to Question 31.  If you answered "No," skip all remaining questions -- go to signature lines.**

**QUESTION 31:**

Did Plaintiff prove by a preponderance of the evidence that University Hospitals interfered with her right to leave under the FMLA, or with her attempt to exercise her right to leave under the FMLA?

  **Circle "Yes" or "No" as your answer.**

  <u>**YES**</u>     <u>**NO**</u>

**If you answered "Yes" as to the foregoing question, proceed to Question 32.  If you answered "No," skip all remaining questions -- go to signature lines.**

**QUESTION 32:**

Did Plaintiff prove by a preponderance of the evidence that her request for FMLA leave in August, 2009 was a substantial or motivating factor that prompted University Hospitals to take its actions regarding Plaintiff?

  **Circle "Yes" or "No" as your answer.**

  <u>**YES**</u>     <u>**NO**</u>

**If you answered "Yes" as to the foregoing question, proceed to Question 33.  If you answered "No," skip all remaining questions -- go to signature lines.**

**QUESTION 33:**

Did Plaintiff prove by a preponderance of the evidence that she suffered actual damages as a result of University Hospitals' interference with Plaintiff's FMLA rights?

  **Circle "Yes" or "No" as your answer.**

  <u>**YES**</u>     <u>**NO**</u>

**If you answered "Yes" as to the foregoing question, proceed to Question 34.  If you answered "No," skip all remaining questions -- go to signature lines.**

**QUESTION 34:**

What amount of money, if any, did Plaintiff prove by a preponderance of the evidence would fairly and reasonably compensate her for the actual monetary losses, such as loss of wages and benefits if any, that Plaintiff suffered as a direct result of University Hospitals' interference with her right to leave under the FMLA?

$_____

**Proceed to the Next Question**


**QUESTION 35:**

Did University Hospitals prove by a preponderance of the evidence that it reasonably believed that its treatment of Plaintiff was in compliance with the FMLA?

　　　　**Circle "Yes" or "No" as your answer.**

　　　　**YES**　　　　　　　　**NO**



1. _____        2. _____

　　　　**FOREPERSON**

3. _____        4. _____

5. _____        6. _____

7. _____        8. _____