# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| SARAH ARONSON, M.D. ) | CASE NO. 1:10-CV-372 |
| ) | |
| Plaintiff, ) | |
| ) | Judge Christopher A. Boyko |
| v. ) | |
| ) | **DEFENDANT'S PROPOSED** |
| UNIVERSITY HOSPITALS OF ) | **VOIR DIRE QUESTIONS** |
| CLEVELAND, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pursuant to the Court's October 12, 2010 Civil Trial Order, Defendant University Hospitals of Cleveland, Inc. ("University Hospitals") hereby submits the attached Proposed Voir Dire Questions, which University Hospitals requests that the Court propound to the jury during the voir dire examination in this matter.[1]

                                               Respectfully submitted,

                                               */s/Barton A. Bixenstine*
                                               Barton A. Bixenstine (0034130)
                                               Daniel L. Messeloff (0078900)
                                               Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
                                               4130 Key Tower
                                               Cleveland, OH  44114
                                               Ph:  216.241.6100
                                               Fax:  216.357.4733
                                               Email:  Bart.Bixenstine@OgletreeDeakins.com
                                                               Daniel.Messeloff@OgletreeDeakins.com

                                               *Attorneys for Defendant*
                                               *University Hospitals of Cleveland, Inc.*

---

[1] Per the Court's Civil Trial Order, a CD-ROM containing a WordPerfect version of this document is also being hand-delivered to the Court.

## DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

**KNOWLEDGE OF THE PARTIES AND THEIR COUNSEL, AND THE CASE:**

1. Does any juror know anything about the Plaintiff, Sarah Aronson, M.D. or her attorneys, Greg and Michael Gordillo?

2. Does any jury know anything about the attorneys to University Hospitals, Barton Bixenstine and Dan Messeloff, or any attorneys that work with them.

3. Has any member of the jury panel read or heard anything favorable or unfavorable about University Hospitals. (If so, there should be further interrogation outside the hearing of the remainder of the panel.)

4. Has any member of the jury panel, member of a juror's family, or close friend, ever had any dispute with University Hospitals, or any other health care provider. . (If so, there should be further interrogation outside the hearing of the remainder of the panel.)

5. Has any juror, member of a juror's family, or close friend, ever been on the medical staff of University Hospitals. (If so, there should be further interrogation outside the hearing of the remainder of the panel.)

6. Has any member of the jury panel any knowledge of or experience with the following physicians: **[NORCIA, WALLACE, NEARMAN, SHUCK]**

7. From anything any panel member may have already heard regarding the case, is there is any panel member who has any pre-conceived ideas about this case.

**GENERAL QUESTIONS**

8. Previous jury service

9. Occupation

10. Membership in any pivotal fraternal, social or religious organization

**QUESTIONS RELATING TO MEDICAL COMMUNITY:**

11. Have you ever been employed at a hospital?

12. Do any of you or close members of your family work for a health care provider?

13. Is there any member of the jury panel who is unhappy with the treatment or care that they have received from their physician?

14. Do any of you, or any relative of your, been the victim of some type of medical malpractice?

15. Has the panel members have any medical knowledge or training. If so, the details of such.

**RELATIONSHIP WITH LEGAL COMMUNITY:**

2

16. Does any panel member or member of a panel member's family presently have pending, or have they filed or brought in the past, a claim or lawsuit against any person, company or corporation or other entity?

17. Has any panel member ever been sued?

18. Do any of you or close members of your family work for a lawyer?

19. Has the panel members have any legal knowledge or training. If so, the details of such.

**PRIOR JURY HISTORY**

20. Have you ever served on a jury before? If so, what was the nature of the case? What was the length of your jury service?

21. Is there anything about the nature of this case or about the parties involved that would make you hesitate to sit on this jury?

**LITIGATION HISTORY**

22. Have you or any of your relatives or close friends ever been involved in a lawsuit as either the plaintiff, defendant, or witness? Explain.

**POTENTIAL PREJUDICE – CORPORATIONS**

23. The Plaintiff in this case is an individual employee, and the Defendant is a corporation. Would you favor an individual over a corporation, or have more sympathy for the Plaintiff because she is an individual?

24. Do you have any negative opinion of large corporations or hospitals? If so, please state your opinion.

**POTENTIAL PREJUDICE – EMPLOYERS**

25. Has any member of the jury panel, or any member of your immediate family, ever been involved in the discipline, demotion, or termination of an employee? If so, please describe the involvement in the situation.

26. Have you, any immediate family member, or a close friend ever been involved in any investigation of discrimination, harassment, or retaliation of any kind at a place of employment? If so, please describe the allegation and the investigation.

27. Is there any member of the jury panel who has ever had an employee working under them who did not perform work in an acceptable manner or who was confrontational with you? If so, please explain the circumstances.

28. Have you, or a close relative or friend, ever been involved in a dispute with an employer? Explain the circumstances.

29. Have you ever been demoted or disciplined by an employer when you felt like you didn't deserve it? What happened?

30. Do you believe employees are often treated unfairly by their employers?

31. Does the fact that an employee has filed a lawsuit raise some suspicion in your mind that the employer acted illegally?

32. Have any of you, or a close relative or friend, ever filed a complaint against an employer, internally or with an agency such as the EEOC, or a lawsuit?

33. What was the nature of the claim?

34. How was the claim resolved?

35. How do you feel about the way the company responded to the situation?

36. Is there anything about that experience that would prevent you from being a fair and impartial juror in this matter?

37. Do you understand that anyone has the right to file a lawsuit and that merely because a lawsuit has been filed by an employee does not necessarily mean that the employer has done anything wrong?

**POTENTIAL PREJUDICE – UNIVERSITY HOSPITALS**

38. Have you or any member of your immediate family, or a close friend, ever applied for employment with University Hospitals?

39. Has any juror, member of a juror's family, or close friend ever been employed by any hospital or physician.

40. Is any panel member is unable to give the same fair consideration to University Hospitals as they would give to an individual.

**DAMAGES**

**POTENTIAL PREJUDICE – GENERAL**

41. Does any member of the panel believe that the Plaintiff should be awarded money simply because they filed a lawsuit.

42. Does every member of the panel understand that the Plaintiff gets to try to prove her case first? Is there anyone who would have trouble keeping an open mind until the end of the case, after University Hospitals has had the opportunity to present evidence and argument?

43. Has any panel member some special reason why her or she cannot follow the Court's requirement that Plaintiffs have the burden of proving each of the separate issues of Plaintiffs' claims, such as breach of contract, unjust enrichment, and alleged violation of the Family Medical Leave Act.

44. Do you have a problem with the proposition that just because you think an act may be unfair, it is not necessarily illegal?

4

45. Do you believe or assume, just by nature of the fact that this case is here for trial, that there is merit to Plaintiff's claims?

46. Have you already formed an opinion regarding this case from what you have already heard about the case so far? Does your opinion involve the merits of the case?

47. Will any panel members have any difficulty waiting until all of the evidence is in before making any decisions with regard to any of the issues involved in this case.

48. Can each members of the jury panel commit themselves to carefully read the Court's instructions and definitions and to follow them.

49. Will you follow and apply the law from the Court, even if you disagree with the law, or if you believe the law is different from that which is given to you by the Court?

50. Is there anything about this case that would prevent you from being impartial?

51. If, after hearing the evidence and the law from the Court, you find that the Defendant was not responsible for the damages alleged by the Plaintiff, could you fulfill the oath and duty of a juror in returning a verdict in favor of the Defendant, even if you knew that this meant that the Plaintiff would recover no damages from Defendant?

Defendant respectfully reserves the right to amend and/or supplement this list with additional proposed voir dire questions.

Respectfully submitted,

*/s/Barton A. Bixenstine*
Barton A. Bixenstine (0034130)
Daniel L. Messeloff (0078900)
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
4130 Key Tower
Cleveland, OH  44114
Ph:  216.241.6100
Fax:  216.357.4733
Email:  Bart.Bixenstine@OgletreeDeakins.com
Daniel.Messeloff@OgletreeDeakins.com

*Attorneys for Defendant*
*University Hospitals of Cleveland, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2011, a copy of the foregoing *Defendants' Voir Dire Questions* were filed electronically with the Court using the CM/ECF system. Notice of this filing will be sent to all the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Barton A. Bixenstine*
One of the Attorneys for Defendant

10227144.1 (OGLETREE)