# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OHIO

## EASTERN DIVISION

| | | |
|---|---|---|
| Sarah Aronson, M.D. | ) | CASE NO. 1:10-CV-00372 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| vs. | ) | **Plaintiff's Proposed Jury** |
| | ) | **Instructions** |
| University Hospitals of Cleveland | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, Sarah Aronson M.D., and respectfully submits the following

proposed jury instructions in the above captioned matter.


Respectfully submitted,


/s/Gregory A. Gordillo
GREGORY A. GORDILLO (0063445)
ggordillo@eeoattorney.com
MICHAEL GORDILLO (0073001)
mgordillo@eeoattorney.com
Gordillo & Gordillo LLC
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113
(216) 875-5500 – Voice
(216) 583-0345 – Facsimile

*Attorneys for Plaintiff*

Agreed ✓ Disputed ___

## PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
## INTRODUCTION

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.[1]

---

[1] O'Malley, Grenig, Lee, Federal Jury Practice and Instructions Fifth Ed. Section 103.01

Agreed ✓ Disputed ____

### PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
### BURDEN OF PROOF (Preponderance of Evidence)

Plaintiff, Sarah Aronson has the burden in a civil action, such as this, to prove every essential element of her claim by a preponderance of the evidence.  If Dr. Aronson should fail to establish any essential element of her claim by a preponderance of the evidence, you should find for Defendant University Hospital as to that claim.

Establish by a preponderance of the evidence means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[2]

---

[2] O'Malley, Grenig, Lee, Federal Jury Practice and Instructions Fifth Ed. Section 104.01

Agreed ✓ Disputed ____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
## EVIDENCE

Generally speaking, there are two types of evidence that are generally presented during a trial- direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Indirect or circumstantial evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence.  You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.[3]

---

[3] O'Malley, Grenig, Lee, Federal Jury Practice and Instructions Fifth Ed. Section 104.05

Agreed √ Disputed ____

## PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
## INFERENCES

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

Inferences are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.[4]

---

[4] O'Malley, Grenig, Lee, Federal Jury Practice and Instructions Fifth Ed. Section 104.20

Agreed ✓ Disputed ____

### PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
### CREDIBILITY OF WITNESSES

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstance under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing any event may see or hear it differently.

In weighting the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

Agreed__ Disputed ____

After making you own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept, or reject the testimony of any witness in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non existence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary. [5]

---

[5] O'Malley, Grenig, Lee, Federal Jury Practice and Instructions Fifth Ed. Section 105.01

Agreed _✓_ Disputed ___

## PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
## DEPOSITONS AS EVIDENCE

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys fro the parties to the case.  The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath or on a videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.[6]

---

[6] O'Malley, Grenig, Lee, Federal Jury Practice and Instructions Fifth Ed. Section 105.02

Agreed $\checkmark$ Disputed ___

### PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
### IMPEACHMENT

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.[7]

---

[7] O'Malley, Grenig, Lee, Federal Jury Practice and Instructions Fifth Ed. Section 105.03

Agreed $\checkmark$ Disputed ____

### PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
### ANSWERS TO INTERROGATORIES

Each party has introduced into evidence certain interrogatories- that is, questions together with answers signed and sworn to by the other party.  A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, that party does not bind itself to those answers. The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence. [8]

---

[8] O'Malley, Grenig, Lee, Federal Jury Practice and Instructions Fifth Ed. Section 104.72

Agreed ✓ Disputed ___

### PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
### EMPLOYER LIABLE FOR ACTS OF AGENTS

Defendant University Hospital is a corporation.  A Corporation may act only through natural persons as its agents or employees and in general, any agent or employee of a corporation may bind the corporation by the agent's or employee's actions done and statements made while acting within the scope of agent's or employee's authority as delegated to the agent or employee by the corporation or within the scope of the agent's or employee's duties as an employee of the corporation.[9]

---

[9] O'Malley, Grenig, Lee, Federal Jury Practice and Instructions Fifth Ed. Section 171.27

Agreed__ Disputed ✓

## PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
## HEALTHCARE QUALITY IMPROVEMENT ACT IMMUNITY

University Hospitals claims that it is immune from being sued for the claims that Dr. Aronson has made against University Hospitals.  Under the Healthcare Quality Improvement Act, if a professional review action of a professional review body meets all the standards specified in section 412(a) of the Act then immunity, as I will describe to you, may apply.

To find whether University Hospitals is immune from any or all of Dr. Aronson's claims, you must decide the following three issues: (1) Whether the actions of University Hospitals that are asserted as the grounds for Dr. Aronson's claims are professional review actions; if so (2) Whether he professional review actions were actions of a professional review body; and if so (3) Whether a presumption that the action was reasonable has been rebutted.  Each of these issues must be proven to you by the greater weight of the evidence.

The term "professional review action" means an action, recommendation, or formal decision not to take action or make a recommendation which is taken or made in the conduct of professional review activity, which is based on the competence or professional conduct of Dr. Aronson (which conduct affects or could affect adversely the health or welfare of a patient or patients), and which affects (or may affect) adversely Dr. Aronson's clinical privileges, or membership in a professional society. If the action is primarily based on any matter than does not relate to the competence or professional conduct of Dr. Aronson, then it is not a "professional review action."

Agreed___ Disputed ___

The term "professional review activity" means an activity of a health care entity with respect to an individual physician—

(A) to determine whether the physician may have clinical privileges with respect to, or membership in, the entity,

(B) to determine the scope or conditions of such privileges or membership, or

(C) to change or modify such privileges or membership.

If you do not find by a greater weight of the evidence that the actions of University Hospitals that are asserted as the grounds for Dr. Aronson's claims are professional review actions then you must consider the merits of Dr. Aronson's claims for FMLA Interference, Breach of Contract, and Unjust Enrichment.

If you do find by the greater weight of the evidence that the actions of University Hospitals that are asserted as the grounds for Dr. Aronson's claims are professional review actions then you must decide the second issue regarding immunity under the Healthcare Quality Improvement Act.

The second issue is whether the greater weight of the evidence shows that the professional review actions were those of a professional review body. The term "professional review body" means a health care entity and the governing body or any committee of a health care entity which conducts professional review activity, and includes any committee of the medical staff of such an entity when assisting the governing body in a professional review activity.

The term "health care entity" means—

(i) a hospital that is licensed to provide health care services by the State in which it is located,

Agreed____  Disputed ____

(ii)  an entity (including a health maintenance organization or group medical practice) that provides health care services and that follows a formal peer review process for the purpose of furthering quality health care, and

(iii)  a professional society (or committee thereof) of physicians or other licensed health care practitioners that follows a formal peer review process for the purpose of furthering quality health care.

If you do not find by a greater weight of the evidence that the actions of University Hospitals that are asserted as the grounds for Dr. Aronson's claims are actions of a professional review body then you must consider the merits of Dr. Aronson's claims for FMLA Interference, Breach of Contract, and Unjust Enrichment.

If you do find by the greater weight of the evidence that the actions of University Hospitals that are asserted as the grounds for Dr. Aronson's claims are professional review actions *and* of a professional review body then you must decide the third issue regarding immunity under the Healthcare Quality Improvement Act.

The third issue is whether the greater weight of the evidence shows that the review process was not reasonable.  The standards for a reasonable review process are that a professional review action must be taken—

(1)  in the reasonable belief that the action was in the furtherance of quality health care,

(2)  after a reasonable effort to obtain the facts of the matter,

(3)  after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances, and

14

Agreed___ Disputed ___

(4) in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after meeting the adequate notice and hearing requirement I just described to you.

When the greater weight of the evidence shows that a professional review action has been taken by a professional review body, the action is presumed to meet the reasonableness standards about which I just instructed you. You must decide whether the greater weight of the evidence shows that any of the four standards have not been met.

If -- (1) you do not find that the greater weight of the evidence rebuts the presumption of reasonableness; but (2) you do find by the greater weight of the evidence that the actions asserted as grounds for Dr. Aronson's claims were professional review actions of a professional review body -- then for each such claim that is based on each such action you must find that University Hospitals is immune from being sued for the claim and you must render a verdict on the claim in favor of University Hospitals.

If, however, you do not find by a greater weight of the evidence that -- (a) the actions giving rise to the claim are professional review actions; *or* (b) the professional review actions were actions of a professional review body; *or* (c) the presumption of the professional review actions being reasonable has been rebutted – then for each of Dr. Aronson's claims that is based on each such action you must find that University Hospitals is not immune from being sued for the claim and you must consider the merits of any or all of Dr. Aronson's remaining claims.[10]

---

[10] Health Care Quality Improvement Act of 1986, 42 U.S.C. §§ 11111(a); 11112(a); 11151(4)(A), (9), and (11); *Meyers v. Columbia/HCA Healthcare Corp.*, 341 F.3d 461 (6th Cir. 2003).

Agreed___ Disputed ✓

### PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
### BREACH OF CONTRACT

One of Dr. Aronson's claims is that University Hospitals entered in a contract with her for employment as an anesthesiology residency training physician and that University Hospitals breached the contract causing Dr. Aronson damages.

Before you can find for Dr. Aronson, you must find by the greater weight of the evidence that the parties entered into a contract, and University Hospitals breached the contract by failing to follow the standards established by the contract, and that Dr. Aronson substantially performed her duties under the contract at the time of University Hospitals' breach.

A contract is breached when one party fails or refuses to perform its duties under the contract.

Substantial performance by Dr. Aronson means the absence of a breach that violates a term essential to the purpose of the contract.  Substantial performance may include mere nominal, trifling, slight, or technical departures from the contract terms so long as Dr. Aronson acts in good faith.

Good faith means honesty in fact in the conduct or transaction.

If you find by the greater weight of the evidence that Dr. Aronson proved her claim, then you must further decide whether University Hospitals breach caused Dr. Aronson to suffer any damages and, if so, in what amount.

If you find by the greater weight of the evidence that Dr. Aronson failed to prove any part of her claim, then you will find for University Hospitals.[11]

---

[11] O.J.I. Section 253.01

16

Agreed___ Disputed  ✓

### PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
### FMLA NATURE OF CLAIM

Some claims in this case arise under the Family and Medical Leave Act (FMLA). This federal law entitles eligible employees to leaves of absence for specified persons. Dr. Aronson claims that University Hospitals interfered with her right to exercise her rights under the FMLA when she took time off for the birth and subsequent adoption of her son.  University Hospitals denies Dr. Aronson's claim, stating that it provided her with all of her rights under the Family Medical Leave Act and did nothing to interfere with her exercising her right to take the leaves of absence.[12]

---

[12] O'Malley, Grenig, Lee, Federal Jury Practice and Instructions Fifth Ed. 2010 Supplement Volume 3C Section 179.01

Agreed__ Disputed

## PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
## FMLA GENERALLY

The Family and Medical Leave Act Provides eligible employees the right to take a total of twelve weeks of unpaid leave per year for different reasons that include: 1) to care for a newborn son or daughter, and 2) to care for a child placed with the employee through adoption or foster care.  After the period of qualified leave expires, the employee generally is entitled to be reinstated to the former position or an equivalent one with the same benefits and terms of employment that existed before the employee took the leave.

To insure the availability of these guarantees, the FMLA declares that it is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided by the FMLA.

The FMLA also prohibits action by an employer to discriminate or retaliate against an employee for the exercise of rights created by the FMLA. [13]

---

[13] *See* O'Malley, Grenig, Lee, Federal Jury Practice and Instructions Fifth Ed. 2010 Supplement Volume 3C Section 179.10

Agreed___ Disputed ✓

## PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
## FMLA INTERFERENCE CLAIM (BIRTH)

Dr. Aronson claims her right to take FMLA leave was interfered with when she requested leave for the birth of her child.   It is unlawful for an employer to interfere with, restrain, or deny the exercise of any of the employee's rights under the Family and Medical Leave Act.   In order to maintain a claim for the interference with rights under the FMLA, Dr. Aronson must prove, by a preponderance of the evidence, the following elements: 1) Dr. Aronson was an eligible employee under the Act; 2) University Hospitals was a covered employer under the Act; 2) she requested leave from work for the birth of her child, 3) she was employed by a covered employer; and 4) University Hospitals interfered with her rights under the FMLA.

University Hospitals admits that Dr. Aronson has satisfied the first three elements of her FMLA interference claim.   You must decide whether she has proven the fourth element: whether University Hospitals interfered with her rights under the FMLA.   To prove this element, Dr. Aronson is not required to show that University Hospitals refused to authorize her leave.   She can prove interference if the greater weight of the evidence shows that University Hospitals discouraged her from using her FMLA leave or that University Hospitals used manipulation to avoid responsibilities under FMLA.

If you find that the Plaintiff has proven all four elements by a preponderance of the evidence, then your verdict must be in favor of the Plaintiff.   However, if you find

Agreed__ Disputed ____

that the Plaintiff has not proven one or more elements by a preponderance of the evidence, then your verdict must be for the Defendant.[14]

---

[14] 29 U.S.C. 2615 (a)(1); 29 U.S.C. 2612 9(a)(1); 29 C.F.R. § 825.220(b); *Saroli v. Automation & Modular Components, Inc.,* 405 F.3d 446, 454 (6th Cir. 2005); *Arban v. West Pub. Corp.*, 345 F.3d 390, 402 (6th Cir. 2003).

Agreed___ Disputed ✓

## PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
### FMLA INTERFERENCE CLAIM (ADOPTION)

Dr. Aronson also claims her right to take FMLA leave was interfered with when she requested leave for the adoption of her child.   It is unlawful for an employer to interfere with, restrain, or deny the exercise of any of the employee's rights under the Family and Medical Leave Act.   In order to maintain a claim for the interference with rights under the FMLA, Dr. Aronson must prove, by a preponderance of the evidence, the following elements: 1) Dr. Aronson was an eligible employee under the Act; 2) she requested leave from work for the adoption of her child, 3) she was employed by a covered employer; and 4) University Hospitals interfered with her rights under the FMLA.

University Hospitals admits that Dr. Aronson has satisfied the first three elements of her FMLA interference claim.  You must decide whether she has proven the fourth element: whether University Hospitals interfered with her rights under the FMLA.  To prove this element, Dr. Aronson is not required to show that University Hospitals refused to authorize her leave.  She can prove interference if the greater weight of the evidence shows that University Hospitals discouraged her from using her FMLA leave or that University Hospitals used manipulation to avoid responsibilities under FMLA.

If you find that the Plaintiff has proven all four elements by a preponderance of the evidence, then your verdict must be in favor of the Plaintiff.  However, if you find

Agreed__ Disputed ____

that the Plaintiff has not proven one or more elements by a preponderance of the evidence, then your verdict must be for the Defendant.[15]

---

[15] 29 U.S.C. 2615 (a)(1); 29 U.S.C. 2612 9(a)(1); 29 C.F.R. § 825.220(b); *Saroli v. Automation & Modular Components, Inc.,* 405 F.3d 446, 454 (6th Cir. 2005); *Arban v. West Pub. Corp.*, 345 F.3d 390, 402 (6th Cir. 2003).

Agreed___ Disputed ___

### PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
### FMLA INTERFERENCE DAMAGES

If you find in favor of Dr. Aronson on either of her FMLA claims that University Hospitals interfered with or restrained the use of her rights under the FMLA, then you must award her the amount of any wages, salary, and employment benefits that she would have earned in her employment with University Hospitals had it not interfered with or restrained the use of her rights under the FMLA from the time of its FMLA violation through the date of your verdict.  You must subtract from this amount the amount of earnings and benefits from other employment received by Dr. Aronson during that time.

If you find that no such compensation has been lost or denied, but you find that Dr. Aronson sustained actual monetary losses as a direct result of University Hospitals' interfering with or restraining the use of her rights under the FMLA, then you must award her the amount of her actual monetary losses up to a sum equal to 12 weeks of wages or salary for Dr. Aronson.[16]

---

[16] O'Malley, Grenig, Lee, Federal Jury Practice and Instructions Fifth Ed. 2010 Supplement Volume 3C Section 179.60; 29 U.S.C. § 2617(a)(1)(a)(I).

Agreed___ Disputed ✓

## PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
## FMLA LIQUIDATED DAMAGES

If you find in favor of Dr. Aronson on either of her FMLA claims, then you must decide whether University Hospitals acted in good faith.  You must find the Defendant acted in good faith if you find by a preponderance of the evidence that when the Defendant took adverse actions against the Plaintiff related to her requests for FMLA leave time, the Defendant reasonably believed that its actions complied with the FMLA.[17]

If you fail to find that the Defendant acted in good faith, the Court will determine the amount of liquidated damages to assess against the Defendant.

---

[17] O'Malley, Grenig, Lee, Federal Jury Practice and Instructions Fifth Ed. 2010 Supplement Volume 3C Section 179.53

Agreed ✓ Disputed ___

## PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
## DUTY TO MITIGATE DAMAGES

Plaintiff must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment.  This is referred to as "mitigation of damages."  The Defendant must prove by a preponderance of the evidence that the Plaintiff failed to mitigate her damages for loss of compensation.

If you determine that the Plaintiff is entitled to damages, you must reduce those damages by,

(1)  What the Plaintiff earned; and,

(2)  What the Plaintiff could have earned by reasonable effort during the period from Plaintiff's discharge until the date of trial.

The Plaintiff must accept the employment that is "of a like nature."  In determining whether employment is "of a like nature," you may consider,

(1)  the type of work;

(2)  the hours worked;

(3)  the compensation;

(4)  the job security;

(5)  the working conditions; and,

(6)  other conditions of employment.

You must decide whether the Plaintiff acted reasonably in not seeking or accepting a particular job.  If you determine that the Plaintiff did not make reasonable efforts o obtain another similar job, you must decide whether any damages resulted from the Plaintiff's failure to do so.

Agreed__ Disputed ____

You must not compensate the Plaintiff for any portion of her damages resulting from her failure to make a reasonable effort to reduce her damages.[18]

_____

[18] O'Malley, Grenig, Lee, Federal Jury Practice and Instructions Fifth Ed. 2010 Supplement Volume 3C Section 179.61

Agreed___ Disputed ___ ✓

## PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
## BREACH OF CONTRACT DAMAGES

If you find by the greater weight of the evidence that University Hospitals breached the contract, the Dr. Aronson is entitled to damages in the amount sufficient to place her in the same position in which she would have been if the contract had been fully performed by the University Hospitals to the extent that the damages are reasonably certain and reasonably foreseeable.

You may only award damages whose existence and amount have been proved to you by the Dr. Aronson with reasonable certainty. You may not award damages that are remote or speculative.

You may only award those damages that were the natural and probable result of the breach of the contract or that were reasonably within the contemplation of the parties as the probable result of the breach of the contract. This does not require that the Defendant actually be aware of the damages that will result from the breach of contract so long as the damages were reasonably foreseeable at the time the parties entered into the contract as a probable result of the breach.[19]

---

[19] O.J.I. Section 253.29

Agreed___ Disputed ✓

### PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:
### UNJUST ENRICHMENT

Dr. Aronson claims that she is entitled to recover the reasonable value of the services she performed for the benefit of University Hospitals. She may recover the reasonable value of these services if you find by the greater weight of the evidence that: (A) Dr. Aronson performed services for University Hospital's benefit with University Hospital's knowledge; and (B) University Hospitals knew or should have known that the services were given with the expectation of payment of reasonable value; and (C) University Hospitals had a reasonable opportunity to prevent Dr. Aronson from giving services prior to them being rendered by Dr. Aronson. Finally, before Dr. Aronson can recover for unjust enrichment, she must prove to you by clear and convincing evidence that University Hospitals acted in bad faith when entering into the contract with her that covered her services beginning on March 1, 2009. [20]

---

[20] *See* OJI Section 253.35; *Hunting Valley Builders, Inc. v. Women's Federal Sav. Bank,* 1990 WL 121272 (8th Dist.Ct. App.); *Ullman v. May* (1947), 147 Ohio St. 468, 475; *S & M Constructors v. Columbus* (1982), 70 Ohio St.2d 69, 71.

28

Agreed__ Disputed ✓

**PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:**
**BURDEN OF PROOF (Clear and Convincing Evidence)**

To be "clear and convincing" the evidence must have more than simply a greater weight than the evidence opposed to it and must produce in your minds a firm belief or conviction about whether University Hospitals acted in bad faith when entering into the contract with Dr. Aronson that covered her services beginning on March 1, 2009.[21]

---

[21] OJI Section 3.75

Agreed _V_ Disputed ___

## PLAINTIFF'S PROPOSED JURY INSTRUCTION RE:

## THE VERDICT

The Court cannot embody all the law in any single part of these instructions.  In considering one portion, you must consider it in the light of and in harmony with al the instruction.

The Court has given you the instruction on the law applicable to this case, and will now instruct you on how to conduct your deliberations and prepare your verdict. When you go to the jury room, your first function will be to select a foreperson.  The person you select to preside over your deliberations does not have any greater power, nor does that person's vote have any more importance than others.  He or she serves the purpose of helping to conduct your deliberations in an orderly manner and to give each of you the opportunity to express your opinion.  An additional duty of the foreperson is to ensure that the verdict form and any exhibits are returned to the Court after you have reached a verdict.

You will have with you in the jury room a verdict form, which will read:

When you reach your verdict, you will complete the form in a manner corresponding to your decision.  You must unanimously agree upon the verdict, and those agreeing must sign the verdict in ink.  When you have reached and signed the verdict form, summon the bailiff, who will return you to the Courtroom, where the verdict will be announced.

Circumstances in this case may arouse sympathy for one party or the other. Sympathy is a common, human emotion, and the law does not expect you to be free of such normal reactions.  However, the law and your oath as jurors require that you

Agreed___ Disputed ____

disregard any consideration of sympathy or prejudice and not permit them to influence your verdict. It is your duty to weigh the evidence, to decide the disputed issues of fact, to apply the instructions to your findings and to render your verdict accordingly. In fulfilling your duty as jurors, your efforts must be to arrive as a fair and just verdict.

Your initial conduct upon entering the jury room is a matter of importance. It is not wise to immediately express a determination to insist upon a certain verdict, because your sense of pride may be aroused and you may then hesitate to give up your position if shown that it may not be correct.

Consult with one another in the jury room and deliberate with a view to reaching an agreement if you can do so without disturbing your individual judgment. Each of you must decide this case for yourself, but you should do so only after a discussion of the case with your fellow jurors. Do not hesitate to change an opinion if convinced that it is wrong. However you should not surrender your considered opinion concerning the weight of the evidence in order to be congenial or to reach a verdict solely because of the opinion of the other jurors.

After your verdict is returned, you may discuss this case with anyone but you are not required to do so. Whether you discuss this case with the attorneys or anyone else after you are discharged is a matter of your own free choice.

The Court will give you the exhibits and the verdict form. The foreperson will retain possession of these records, including the verdict, and return them to the courtroom. Until the verdict is announced in the Courtroom, you are not to disclose to any one the status of your deliberations or the nature of your verdict.

Agreed___ Disputed ____

If during your deliberations you have a question or desire further instruction it should be discussed in the privacy of your jury room.  After you have done so and feel you require such information or possible further instruction, the foreperson should reduce the request to writing in such manner that it does not reflect the status of your deliberations.  So that there will be no misunderstandings as to what is desired the question should indicate specifically what is requested.  Such communication must be delivered to the bailiff who will then submit it to the Court.  The bailiff may always be summoned by ringing the buzzer in the jury room.

An alternate juror was selected to serve in the event if any misfortune to a member of the panel.  It will not be necessary for you to serve any further.  You are not to discuss this case or tell anyone how you would have voted until after the jury in this case has announced its verdict.  You are now discharged as an alternate juror and may be excused upon the conclusion of the court's instruction when the jury retires to begin their deliberations.  Under no circumstances will you enter or remain in the jury room while the jury is deliberating in this case.

On behalf of the public and the parties, the Court wishes to thank you for your services as jurors.[22]

---

[22] Devitt, Blackmar & Wolff, *Federal Jury Practice & Instructions,* 74.01, 74.02, 74.04, 74.05 (1987).

Agreed___ Disputed ✓

## PLAINTIFF'S PROPOSED
## JURY INTERROGATORIES AND GENERAL VERDICT FORMS

In this case you will return a verdict based upon the following questions:

1.　　Do you find that University Hospitals interfered with Dr. Aronson's right to leave under the Family and Medical Leave Act?

Yes _____       No _____

(please mark an "X" on either the "Yes" line or the "No" line)

(If you marked "X" on the "Yes" line, you must answer question no.2.  If you marked an "X" on the "No" line, you must skip question no. 2.)

2.　　Do you find the University Hospitals acted in good faith if you when it took adverse actions against Dr. Aronson related to her requests for FMLA leave time? In other words, do you find that University Hospitals reasonably believed that its actions complied with the FMLA?

Yes _____       No _____

(please mark an "X" on either the "Yes" line or the "No" line)

3.　　Do you find that University Hospitals breached its contract with Dr. Aronson?

Yes _____       No _____

(please mark an "X" on either the "Yes" line or the "No" line)

4.　　Do you find that University Hospitals was unjustly enriched by services that Dr. Aronson provided?

Yes _____       No _____

(please mark an "X" on either the "Yes" line or the "No" line)

33

Agreed__  Disputed _✓_

**IF YOU HAVE MARKED AN "X" _ON ANY_ "YES" LINE PLEASE COMPLETE VERDICT FORM I**

**IF YOU HAVE MARKED AN "X" <u>ON ALL THREE</u> "NO" LINES FOR _QUESTIONS 1, 3 AND 4_ PLEASE COMPLETE VERDICT FORM II**

Agreed___ Disputed ✓

## PLAINTIFF'S PROPOSED
## GENERAL VERDICT FORMS

# VERDICT FORM I

We, the undersigned, being unanimous, of the jury empanelled to hear the above captioned case, find in favor of Plaintiff, Sarah Aronson and against the Defendant University Hospitals and award damages in the following amounts:

| | | |
|---|---|---|
| A. | **FMLA Interference** | $_____ |
| B. | **Breach of Contract** | $_____ |
| C. | **Unjust Enrichment** | $_____ |
| C. | **Total  Damages** | $_____ |


**D.    University Hospitals  *DID* or *DID NOT*  act in good faith when interfering with Dr. Aronson's right for leave under the Family and Medical Leave Act**

(Please place a circle around DID or DID NOT)

Juror    _____

Juror    _____

Juror    _____

Juror    _____

Juror    _____

Juror    _____

Juror    _____

Juror    _____

Agreed___ Disputed ✓

# VERDICT FORM II

We, the undersigned, being unanimous, of the jury empanelled to hear the above captioned case, find in favor of the Defendant University Hospitals and against Plaintiff, Sarah Aronson

Juror      _____

Juror      _____

Juror      _____

Juror      _____

Juror      _____

Juror      _____

Juror      _____

Juror      _____

Agreed__ Disputed ____

Respectfully submitted,


/s/Gregory A. Gordillo_____
GREGORY A. GORDILLO (0063445)
ggordillo@eeoattorney.com
MICHAEL GORDILLO (0073001)
mgordillo@eeoatttorney.com
Gordillo & Gordillo LLC
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113
(216) 875-5500 – Voice
(216) 583-0345 – Facsimile

*Attorneys for Plaintiff*