**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| SARAH ARONSON, M.D. | ) | CASE NO. 1:10-CV-00372 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS OF | ) | **DEFENDANT'S MOTION *IN LIMINE*** |
| CLEVELAND, INC. | ) | **TO EXCLUDE EVIDENCE OF OR** |
| | ) | **REFERENCES TO ANY ALLEGED ILL** |
| Defendant. | ) | **WILL OF DEFENDANT OR ITS** |
| | ) | **EMPLOYEES TOWARD PLAINTIFF** |

Defendant University Hospitals of Cleveland, Inc. ("UHC") hereby moves for an order *in limine* directing that:

> Plaintiff shall not introduce or attempt to introduce, through the testimony of any witness, or through any documentary records, any evidence of or make references to any alleged ill will or personal animosity of UHC or its employees toward Plaintiff, including any references to Dr. David Wallace being "way too emotionally involved" with the decision to extend Plaintiff's training.

As explained below, evidence of any alleged ill will of UHC or its employees toward Plaintiff is not relevant to any issue of consequence to this case. Such evidence has no bearing upon whether the Health Care Quality Improvement Act (HCQIA), 42 U.S.C. §§ 11101, *et seq.* or Ohio's peer review immunity statute, Ohio Revised Code (O.R.C.) § 2305.251, apply to shield UHC from Plaintiff's claims, and such evidence cannot be relied on to establish any material element of Plaintiff's claims. Any minimal relevance that evidence of any alleged ill will on the part of UHC may have is substantially outweighed by the risks of unfair prejudice, confusion of

the issues, misleading the jury, undue delay and waste of time. Accordingly, such evidence and references should be excluded under Federal Rules of Evidence 401, 402 and 403.

## MEMORANDUM OF LAW

UHC anticipates that during trial Plaintiff will attempt to introduce evidence of ill will that she believes UHC and/or its employees harbored toward her and acted upon in assessing her performance. For example, in her deposition, Plaintiff alleged that several of her performance evaluations were based on her reviewers' alleged personal animosity toward her, rather than objective assessments of her performance. (See, for example, Pl.'s Dep. 26:20-27:4 (alleging that Dr. Gerald Jonsyn's assessments were motivated by "a personal animosity"); 30:14-31:1 (asserting that Drs. Susan Dumas and Lisa Hacker had "negative feelings about [Plaintiff] that were separate from any dispassionate, clinical assessment of [her] clinical abilities"); 52:21-54:15 (contending that Dr. Kasia Rubin's assessments were "more emotional than objective"); 57:15-64:22 (alleging that she did not believe Dr. Wallace "acted in good faith" but rather "that his verbal communications to [her], regarding [her] clinical work . . . appeared to be influenced by his emotions").[1])

Also, in her Memorandum in Opposition to Defendant's Motion for Summary Judgment, Plaintiff makes a point to introduce evidence of Dr. David Wallace's, Co-Chair of the Department of Anesthesiology and Perioperative Medicine's Residency Program, purported "lack of objectivity" with respect to his interactions with and assessment of her in June of 2009. (See Pl.'s Mem. in Opp'n 10-11; 15-16.) Specifically, she notes that Dr. Howard Nearman, Chair of the Department of Anesthesiology and Perioperative Medicine, believed at that time that "interactions between [Plaintiff] and Doctor Wallace . . . had taken on more of an emotional-type

---

[1] Cited excerpts from Plaintiff's December 13, 2010 deposition transcript are attached as Exhibit A.

2

of atmosphere than perhaps an objective discussion" (*id.* at 11), and introduced evidence of an email communication, dated June 2009, from Dr. Nearman, in which he states that Dr. Wallace was "way too emotionally involved." (See *id.* at 15-16.) She also notes that Dr. Jerry Shuck, UHC's Associate Dean and Director of Graduate Medical Education, believed at that time that Dr. Wallace "was too involved" (*id.* at 10) and, for these reasons, Drs. Nearman and Shuck believed that Dr. Wallace should no longer play a role in oversight of Plaintiff.

### A. EVIDENCE OF ANY ALLEGED ILL WILL ON THE PART OF UHC AND/OR ITS EMPLOYEES IS NOT RELEVANT TO ANY MATERIAL ISSUE IN THIS CASE AND, THEREFORE, SHOULD BE EXCLUDED UNDER FEDERAL RULES OF EVIDENCE 401 AND 402.

Evidence is only relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. The material issues in this case are whether UHC is immune from liability under the Health Care Quality Improvement Act (HCQIA), 42 U.S.C. §§ 11101, *et seq.* and/or the Ohio peer review immunity statute, Ohio Revised Code ("O.R.C.") § 2305.251, and, if not, whether Plaintiff can prove a *prima facie* case of each of her four causes of action. As discussed below, evidence of any alleged ill will on the part of UHC or its employees toward Plaintiff bears no relevance to the determination of whether UHC is entitled to immunity under the HCQIA or O.R.C. § 2305.251, or whether Plaintiff can establish a *prima facie* case of any of her claims. Therefore, such evidence should be excluded under Federal Rules of Evidence 401 and 402.

Federal case law establishes that, where the HCQIA applies, the reviewers' motive or any alleged animus is immaterial to the determination of immunity. *Sugarbaker v. SSM Health Care*, 190 F.3d 905, 914 (8th Cir. 1999) ("[B]ad faith on the part of the reviewers is irrelevant to the objective inquiry under 42 U.S.C. § 11112(a)."); *see also Brader v. Allegheny General Hosp.*,

3

167 F.3d 832, 840 (3d Cir. 1999) (stating that in determining the applicability of the HCQIA's immunity protection, "the good or bad faith of the reviewers is irrelevant"); *Mathews v. Lancaster Gen. Hosp.*, 87 F.3d 624, 635 (3d Cir. 1996) (recognizing that "a defendant's subjective bad faith is irrelevant under § 11112(a)"); *Bryan v. James E. Holmes Regional Med. Ctr.*, 33 F.3d 1318, 1335 (11th Cir. 1994) (rejecting Plaintiff's proffer of evidence of defendant's alleged personal animosity in hospital peer review case on the ground that Plaintiff's "assertions of hostility . . . are irrelevant to the reasonableness standards of § 11112(a)"); *Reyes v. Wilson Memorial Hosp.*, 102 F.Supp.2d 798, 811 (S.D. Ohio 1998) ("The courts which have addressed the issue of immunity under the HCQIA have been unanimous in holding that a plaintiff cannot prove the 'unreasonableness' of a defendant's actions by introducing evidence suggesting that a defendant acted in 'bad faith.' Rather, the courts have held that such evidence is irrelevant.")

Likewise, a reviewer's ill will or personal animosity also is not relevant to determining whether UHC is immune from liability under O.R.C. § 2305.251. Plaintiff can only defeat this privilege by presenting "clear and convincing evidence that [UHC] acted with actual malice." *Talwar v. Catholic Healthcare Partners*, 258 Fed. App'x 800, 809 (6th Cir. 2007) (quoting *Wall v. Ohio Permanente Med. Group, Inc.*, 119 Ohio App.3d 654, 666, 695 N.E.2d 1233 (Ohio Ct. App. [8th Dist.] 1997)); *see also Jacobs v. Frank*, 60 Ohio St.3d 111, 116, 573 N.E.2d 609 (Ohio 1991). "Actual malice" in this context is not a matter of personal motives, but is established only by proof that UHC "made statements in connection with the peer review process with knowledge they were false or with reckless disregard for whether they were true or false." *Talwar*, 258 Fed. App'x. at 809 (citing *Wall*, 119 Ohio App.3d at 666). Accordingly, any evidence of alleged ill will on the part of UHC or its employees has no bearing upon whether UHC is entitled to immunity under O.R.C. § 2305.251 and is thus not relevant and should be excluded under Rules

4

401 and 402. *See Talwar*, 258 Fed. App'x. at 808 (quoting *Wall*, 119 Ohio App.3d at 666) (affirming summary judgment in favor of hospital under § 2305.251, finding that "alleged improper motivations by speakers are insufficient to show actual malice").

Furthermore, evidence of any alleged ill will on the part of UHC and/or its employees also is not relevant to any material element of any one of Plaintiff's claims. Plaintiff asserts four causes of action in her First Amended Complaint: <u>Count One</u> for Breach of Contract, <u>Count Two</u> for Unjust Enrichment; and <u>Counts Three and Four</u> for FMLA Interference. To establish a breach of contract claim against UHC, Plaintiff must prove: (1) a contract existed between her and UHC; (2) she performed all of her obligations under the contract; (3) UHC failed to fulfill its obligations under the contract; and (4) Plaintiff suffered damage or loss as a result. *Windsor v. Riback*, Nos. 2007-G-2775, 2007-G-2781, 2008 WL 1849617, at *5, ¶32 (Ohio Ct. App. [11th Dist.] Apr. 25, 2008).[2] Evidence of any alleged ill will on the part of UHC and/or its employees has no tendency to make the existence of any fact that is of consequence to any of the foregoing elements more probable or less probable than it would be without the evidence. Such evidence also has no tendency to prove or disprove any of the essential elements of Plaintiff's unjust enrichment[3] or FMLA interference claims[4]. Accordingly, Plaintiff should be precluded from introducing any evidence of, or making such references to, any alleged ill will on the part of UHC and/or its employees under Federal Rules of Evidence 401 and 402 because such evidence has nothing to do with Plaintiff's claims or the issue of whether UHC is entitled to immunity.

---

[2] All unreported cases are attached as Exhibit B.

[3] To prove a claim of unjust enrichment, Plaintiff must show: (1) she conferred a benefit upon UHC; (2) UHC had knowledge of the benefit; and (3) UHC accepted or retained the benefit under circumstances that make it inequitable for UHC to retain the benefit without payment of its value. *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (Ohio 1984).

[4] To prevail on her FMLA interference claims, Plaintiff must prove, *inter alia*, that she was entitled to leave under the FMLA; and that UHC denied her FMLA benefits to which she was entitled. *Edgar v. JAC Prods., Inc*., 443 F.3d 501, 507 (6th Cir. 2006). She also must show that the interference resulted in harm. *Id.* at 508 (citing *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002)). The FMLA does not permit any relief "unless the employee has been prejudiced by the violation." *Ragsdale*, 535 U.S. at 89.

**B.   ANY MINIMAL RELEVANCE THAT EVIDENCE OF ALLEGED ILL WILL ON THE PART OF UHC OR ITS EMPLOYEES MAY HAVE IS SUBSTANTIALLY OUTWEIGHED BY THE RISKS OF UNFAIR PREJUDICE, CONFUSION OF THE ISSUES, MISLEADING THE JURY, UNDUE DELAY AND WASTE OF TIME.**

Federal Rule of Evidence 403 permits the Court to exclude evidence, although relevant, where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In this case, these considerations far outweigh any probative value evidence of any ill will on the part of UHC and/or its employees may have (and there is none).

First, there is a substantial risk that any evidence of alleged ill will or personal animosity on the part of UHC and/or its employees toward Plaintiff would prejudice the jury against UHC and mislead the jury to hold UHC liable based primarily on a perception of UHC and Plaintiff's reviewers as "bad actors," rather than based upon relevant evidence proving the essential elements of Plaintiff's claims. In particular, introduction of any evidence of Dr. Wallace's purported "lack of objectivity" would be significantly prejudicial, as the jury would likely give undue consideration to the Chair of the Department of Anesthesiology and Perioperative Medicine (Dr. Nearman) and the Associate Dean and Director of Graduate Medical Education's (Dr. Shuck) beliefs in June 2009 that Dr. Wallace was "too emotionally involved" with respect to his interactions with and assessment of Plaintiff, when any such emotional involvement by Dr. Wallace (1) has nothing to do with the material issues in this case and (2) cannot reasonably serve as a basis to infer any improper motive or conduct on UHC's part because the alleged emotional involvement Plaintiff references took place in June 2009, after the challenged decision to extend Plaintiff's training in which Dr. Wallace was involved had already been made in late 2008.

6

Second, with respect to the issue of UHC's immunity under O.R.C. § 2305.251, there is a substantial risk that references to any alleged ill will on the part of UHC or its employees would confuse the jury by injecting into the trial common-law theories of actual malice based upon "ill will" and personal spite that would divert the jury's attention away from the actual malice standard that actually applies and requires a determination of whether Plaintiff's reviewers made statements about Plaintiff with knowledge that the statements were false or acting with reckless disregard to their truth or falsity. The jury's job to decipher the applicable law is complicated enough without such unnecessary further confusion.

Third, introduction of evidence concerning the alleged motivations and ill will of UHC and/or its employees toward Plaintiff would cause undue delay and waste time as the presentation of such evidence would necessarily require rebuttal testimony concerning the basis for each reviewer's assessment of Plaintiff. Such evidence would unnecessarily prolong the trial and deluge the jury with irrelevant information that should not be considered by the jury in evaluating Plaintiff's claims, as a matter of law.

Therefore, Plaintiff should be precluded under Federal Rule of Evidence 403 from introducing any evidence of or making references to any alleged "ill will" or "personal animosity" of UHC and/or its employees toward her because the motivations and any alleged ill will of UHC or its employees are not relevant to any material issue in this case and any relevance such evidence may have is substantially outweighed by the risk of unfair prejudice, confusion of

the issues, misleading the jury, undue delay and waste of time.

                Respectfully submitted,

                */s/ Barton A. Bixenstine*
                Barton A. Bixenstine (0034130)
                Daniel L. Messeloff (0078900)
                Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
                4130 Key Tower
                Cleveland, OH  44114
                Ph:  216.241.6100
                Fax:  216.357.4733
                Email:  Bart.Bixenstine@OgletreeDeakins.com
                              Daniel.Messeloff@OgletreeDeakins.com

                *Attorneys for Defendant*
                *University Hospitals of Cleveland, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2011, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Barton A. Bixenstine
Attorney for Defendant

10248420.2 (OGLETREE)